**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

September 18, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Melody R. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-3021-DRM

Dear Counsel:

On September 12, 2025, Plaintiff Melody R. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case (ECF No. 6) and the parties' briefs (ECF Nos. 9, 12 and 13). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on November 14, 2022, alleging a disability onset of March 1, 2020. Tr. 11. Plaintiff's claims were denied initially and on reconsideration. Tr. 11. On May 1, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 8-30. Following the hearing, on July 17, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 et seq., during the relevant time frame. Tr. 25-26. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the

requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of March 1, 2020 through her date last insured of December 31, 2020." Tr. 14. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "inflammatory arthritis; diffuse diseases of connective tissue (including systemic lupus erythematosus, systemic sclerosis (scleroderma), polymyositis and dermatomyositis, undifferentiated and mixed connective tissue disease, Sjogren's syndrome); and migraine." Tr. 14. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 14. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) except the claimant can tolerate occasional exposure to vibration and up to moderate noise level.

Tr. 15. At steps four and five, the ALJ determined that Plaintiff was able to perform past relevant work as a file clerk and as an appointment clerk, and additionally could perform other jobs that existed in significant numbers in the national economy such as linen room attendant, laundry worker, and counter supply worker. Tr. 23, 25. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25-26.

## III. <u>LEGAL STANDARD</u>

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. <u>ANALYSIS</u>

Plaintiff raises one argument on appeal, specifically that "the ALJ failed to address the evidence that showed Plaintiff needed to consistently miss one day of work each month." ECF No. 9 at 6-10. Defendant counters that "the ALJ is only required to include limitations in the RFC that

are supported by objective medical evidence and consistent with the record as a whole" and that the ALJ's discussion "provides substantial evidence in support of the residual functional capacity." ECF No. 12 at 6-11. In reply, Plaintiff reiterates that "[t]he ALJ [] failed to address Plaintiff's need for consistent absences due to her monthly IV infusion treatment and the ALJ failed to address [] significant testimony from the vocational expert" about the effect of absenteeism on employment prospects. ECF No. 13 at 1-3.

The Fourth Circuit recent held that an "ALJ's failure to discuss the record evidence regarding [the plaintiff's] absenteeism results in our inability to provide meaningful review." *Dennis v. Kijakazi*, No. 21-2078, 2023 WL 2945903, at *5 (4th Cir. Apr. 14, 2023).[1] The court added that:

> [n]owhere in the denial did the ALJ address: (1) the frequency of [the plaintiff's] medical treatment, (2) how the frequency of [the plaintiff's] medical treatment would impact absenteeism, or (3) how [the plaintiff's] frequent medical treatment would impact the VE's testimony that missing more than 7 to 10 days per year "would be subject to firing."

*Id*. The court explained "[t]his was error because we can only guess why the ALJ failed to address the obvious implications of [the plaintiff's] frequent medical treatment. *Id*.

Here, the record shows Plaintiff was prescribed an IV infusion "one day every month" over multiple years, Tr. 447, 529, 604, and that Plaintiff received approval to have the infusions administered by Home Infusion Services. Tr. 454. Plaintiff testified at the oral hearing that she had had these infusions each month since 2017, but that over the past year the frequency increased, and she had had infusions "every Sunday," and that the infusions "last five to six hours." Tr. 112-113. Further, Plaintiff testified that following the infusions she becomes "extremely dizzy, nauseated, stomach cramps, diarrhea, sometimes vomiting"; that she becomes "sick for three to four days after each infusion"; that she has frequent urination; and that she is "pretty much bedbound for several days afterwards." Tr. 111-112. The VE testified about the level of absenteeism that would preclude full-time, competitive employment. Tr. 119-120. The VE testified that "one day per month, if it's consistent or repeated. Ultimately, that would lead to termination. . . . If it was repeated, month after month." Tr. 120.

The ALJ noted the providers' treatment notes, Plaintiff's history of monthly infusions, and Plaintiff's testimony about the effects of infusions, Tr. 16-22, but did not discuss Plaintiff's potential absenteeism or explain how Plaintiff would be able to maintain employment. This Court has held in similar situations that "[t]he ALJ did not have to accept Plaintiff's argument that [she] would be prohibited from all work, but they did have to explain why given this evidence and the VE's testimony, Plaintiff would be able to maintain employment. Absent such explanation, the Court cannot conduct a meaningful review." *Zekeria Y. v. Bisignano*, No. AAQ-25-2082, 2026

[1] Unpublished Fourth Circuit opinions are "cited for the persuasiveness of their reasoning, not for any precedential value." *Ortiz v. Ben Strong Trucking, Inc.*, 624 F. Supp. 3d 567, 580 (D. Md. 2022).

WL 2671675, at *3 (D. Md. Sept. 11, 2026)); *see also Helen B. v. O'Malley*, No. GLS-23-02345, 2024 WL 3690812, at *6 (D. Md. Aug. 7, 2024) ("the ALJ did not account for unscheduled absences in the RFC, nor did the ALJ discuss Plaintiff's potential absenteeism elsewhere in her opinion" despite record evidence that "there were multiple months where Plaintiff would have missed work more than two times per month due to mental health hospitalizations," "nor does [the ALJ] logically explain how Plaintiff could work given the VE's testimony that missing work two days per month precludes employment."); *cf. Hickey v. Berryhill*, No. ADC-16-3524, 2017 WL 4023095, at *4 (D. Md. Sept. 12, 2017) ("Plaintiff's absenteeism would arise from scheduled appointments, not 'quite frequent' emergencies, which could hopefully be arranged to accommodate Plaintiff's work schedule. Only one of Plaintiff's absences during the period covered was due to a procedure: the vast majority stemmed from office visits with various doctors.". . . "By the mention of absenteeism in his opinion, the ALJ did not neglect to consider the effect of absenteeism in his determination of Plaintiff's ability to perform past relevant work.").

Defendant argues the limitations the ALJ included in the RFC were supported by substantial evidence and the ALJ is not required to include limitations in the RFC that he did not find supported. ECF No. 12 at 7-9. "But since the ALJ never made an express conclusion (or provided an explanation) about absenteeism," this is a failure-to-explain case not a substantial evidence case. *Dennis*, 2023 WL 2945903 at n.4. Defendant contends that "even if the ALJ did not explicitly address Plaintiff's assertion of multi-day recovery periods after IV treatment, the ALJ's discussion of the medical evidence, treatment history, and evaluation of her subjective symptoms demonstrates that the ALJ considered the record as a whole when formulating the RFC." ECF No. 12 at 10. Defendant argues that the ALJ need not accept Plaintiff's statements and adds that the records and treatment notes do not demonstrate a need for multiple workdays off work. ECF No. 12 at 7-9. But the ALJ did not discuss Plaintiff's potential absenteeism or make these arguments in relation to absenteeism. "Defendant's 'post hoc explanation does not cure the ALJ's lack of analysis….'" *Ashley B. v. Bisignano*, No. DRM-25-0376, 2026 WL 828937, at *4 (D. Md. Mar. 26, 2026) (quoting *Lauren C. M. v. Kijakazi*, No. SAG-23-0220, 2023 WL 6311286, at n.2 (D. Md. Sept. 28, 2023).

In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. <u>CONCLUSION</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge